UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH RUDY WILKINS, | No. C 10-4133 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| PRISON HEALTH SERVICES; et al., | |
| Defendants. | |

## INTRODUCTION

Rudolph Rudy Wilkins, an inmate at Alameda County's Santa Rita Jail, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Wilkins alleges in his complaint that he received inadequate responses to his requests for skin cream for chronic skin problems during his most recent stay at the Santa Rita Jail. He alleges the following:

Wilkins has been in the jail since about June 19, 2010. He twice submitted requests to be seen by medical providers for his "chronic skin fungus & for [his] chronic dermatitis" – one or both of which affect his face and torso. Complaint, p. 4,   He eventually was seen by the unnamed sick call nurse, who said she put his name on the list to see a doctor. When he first saw

1  an unnamed doctor on an unstated date, the doctor addressed his back problems but not his skin
2  problems, and told Wilkins to submit another sick call slip to obtain care for his skin condition
3  because they did not have his files at that time. Wilkins submitted another sick call slip and was
4  seen by a physician's assistant a few days later (on July 19, 2010, according to the grievance
5  attached to his complaint).  The physician's assistant told him that she could not provide
6  treatment without a doctor's permission. Wilkins informed her that he had received the
7  medication during some stay at the jail earlier in the year and the medication (i.e., a topical
8  erythromycin solution) was listed in his file. The physician's assistant noted that fact, but stated
9  she still needed a physician's approval for a new medication order. On July 21, an unidentified
10 nurse told Wilkins to buy the medication from the jail's commissary; however, the commissary
11 didn't sell it and he didn't have any money to buy it. That same nurse said that, if he submitted
12 another sick call slip, she would ignore it. He submitted more sick call slips. On July 29, 2010,
13 he received his skin cream.

14 According to the inmate appeal response, Wilkins' initial visit to the health care
15 department did not include any request regarding skin problems. More importantly, the inmate
16 appeal response stated: "On 071910, you requested an antibiotic solution for chronic dermatitis,
17 antifungal cream and pain medication for back pain. The nurse consulted with the doctor who
18 ordered Tylenol for 7 days for back pain and Miconazole for 14 days for foot fungus.
19 *Erythromycin is not safe for frequent and or long term use. There is no medical indication for*
20 *an antibiotic solution for chronic dermatitis at this time."*  Complaint Exs. (7/30/10 Inmate
21 Grievance Response) (emphasis added). Wilkins' handwritten note on the same document states
22 that this response "is clearly an attemp (sic) to cover up their neglect & their delay & denial of
23 basic medical treatment in a timely matter (sic)." Id.

24
25                                                    **DISCUSSION**
26 A federal court must engage in a preliminary screening of any case in which a prisoner
27 seeks redress from a governmental entity or officer or employee of a governmental entity. See
28 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss

2

1 any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

When a prisoner alleges that his medical care has been constitutionally inadequate, he must allege two things to state a claim for a violation of his Eighth Amendment rights: (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).[1]

It is not the law that an inmate is entitled to any treatment he demands; rather he must plead and eventually prove that his medical need was a serious one, and that defendants acted with deliberate indifference to it. Deliberate indifference is a high standard: A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). Negligence and even gross negligence do not violate the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir.

---

[1] The complaint does not state whether Wilkins was a prisoner or a pretrial detainee at the time of the alleged problem. In his amended complaint, Wilkins should state whether he was a convict or a pretrial detainee at the time of the alleged problem because his status makes a difference as to the constitutional provision under which his claim arises. His claim would arise under the Eighth Amendment if he was a convict and under the Fourteenth Amendment's Due Process Clause if he was a pretrial detainee.

3

2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)

  Even liberally construing the complaint, the court does not see a constitutional violation alleged. Assuming for purposes of argument that dermatitis and a skin fungus amount to serious medical needs, the complaint shows a rather limited delay in the provision of a cream for those skin problems. If Wilkins made his request on the day he arrived at the jail, the delay was at most 38 days, and if he did not make his skin care request until "a few days" before he saw the physician's assistant on July 19, it would have been only about a two-week delay. Not only was the delay limited, the jail medical staff gave an explanation for it – when he first asked for the cream, he was told to put in another request because they didn't have his file on that day. When he saw the physician's assistant on July 19, she told him she needed to obtain a physician's approval for the cream. He received the cream 10 days later, notwithstanding an unnamed nurse's statement that his requests would be ignored. Lastly, the inmate appeal response gives a reason why he was not given the requested erythromycin cream: the cream (an antibiotic) is not safe for frequent or long term use. Also, according to the inmate appeal response, there was no medical indication for an antibiotic solution for chronic dermatitis. Wilkins was displeased with the inmate appeal response, but has not alleged any facts that would suggest the response was medical nonsense or otherwise reflective of deliberate indifference to serious medical needs. The court will grant leave to amend the complaint so that Wilkins may attempt to allege facts showing that this situation rose to the level of a constitutional violation and that defendants' reaction amounted to deliberate indifference.

  The amended complaint also must cure another deficiency in the original complaint: the failure to link individual defendants to the claim. In his amended complaint, Wilkins must identify each and every defendant who he proposes to hold liable on each claim. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only

4

if plaintiff can show that defendant proximately caused deprivation of federally protected right). The Prison Health Services was listed as a defendant apparently because it was the department or company that employed the medical care providers, but that would be improper. There is no respondeat superior liability under section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **January 31, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: December 16, 2010

_____
SUSAN ILLSTON
United States District Judge